**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| BRIDGET JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-01081-CV-W-DW |
| | ) | |
| LVNV FUNDING, LLC, JAMES | ) | **JURY TRIAL DEMANDED** |
| M. McNEILE, Individually, COHEN | ) | |
| McNEILE & PAPPAS, PC, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

COMES NOW plaintiff Bridget Jackson, through her undersigned counsel, and files her First Amended Complaint against defendant LVNV Funding, LLC ("LVNV"), defendant James M. McNeile ("McNeile"), and defendant Cohen McNeile & Pappas, PC ("Cohen"). Plaintiff alleges as follows:

## PARTIES

1.     Plaintiff Bridget Jackson ("Jackson") is a natural person residing in Kansas City, Jackson County, Missouri.  At all times relevant to this matter, plaintiff resided within the city limits of Kansas City, Missouri and the proper venue for any claims against her was in Kansas City, Missouri.

2.     Plaintiff Jackson resided 7625 Bellefontaine, Kansas City, Missouri in April and May of 2006.  This address is in the "western" portion of the 16th Judicial District as determined by Mo. Rev. Stat. § 478.461

3.     Upon information and belief, LVNV is a corporation, with a regular place of

business in South Carolina.  LVNV regularly conducts business in the state of Missouri. LVNV acquires consumer debts which are in default and is engaged in the business of third party debt collection.

4.     Defendant McNeile is a Kansas attorney and serves as counsel for LVNV. Defendant McNeile collects debts on behalf of LVNV and signed the original Petition against plaintiff.

5.     Defendant Cohen is a law firm with locations in Kansas and Missouri. Defendant Cohen collects debts on behalf of LVNV and is the firm identified on the original Petition against plaintiff Jackson.  Upon information and belief, defendant Cohen has filed hundreds of lawsuits on behalf of LVNV and its sister corporations since 2006.

<u>**FACTS COMMON TO ALL COUNTS**</u>

6.     LVNV, through its attorneys, filed a Petition in an attempt to collect a debt allegedly owed by Jackson.  Upon information and belief, LVNV is and has been a plaintiff in hundreds of similar debt collection lawsuits in Missouri.

7.     Plaintiff Jackson had no business or other dealings with LVNV.  Plaintiff Jackson signed no contract or other documents with LVNV.  *See* Affidavit of Bridget Jackson attached hereto as **Exhibit 1**.

8.     Plaintiff Jackson had no knowledge of any alleged debt owed to LVNV until or about May 2009.  In May 2009 Jackson was notified of a garnishment for an action filed in Eastern Jackson County, Missouri.  *See* Exhibit 1.

9.     LVNV had no good faith basis to file any action against Jackson in Eastern Jackson County as both service addresses on the Petition (the wrong home address and the business address) were in the "western" division of the 16th Judicial District.

10.     Plaintiff Jackson is an African American single mother that works as a barber. Research done by the National Consumer Law Center shows that "almost all of the people sued by debt collectors lived in low-income communities that were predominantly African American." *See A New Shakedown? Debt Collectors Resort to New Tactics,* Newsweek, July 21, 2008 attached hereto as **Exhibit 2**.  Upon information and belief, by filing the lawsuit in a venue that is approximately 15 miles from Ms. Jackson's address and having the hearings at in the early afternoon, Defendants increase the number of default judgments they can expect because low income single parents cannot afford to miss work and are unfamiliar/ uncomfortable in Independence.

11.     Plaintiff Jackson had no knowledge of the alleged debt owed to LVNV and LVNV attached no document bearing Plaintiff Jackson's signature to the Petition.  Defendants never provided any documents verifying the debt or that they actually purchased Ms. Jackson's account from another entity. *See* Exhibit 1

12.     Plaintiff Jackson, upon realizing that she had been garnished for a debt that she knew nothing about, became extremely upset, nervous and distraught.  Plaintiff Jackson missed work, had checks bounce and incurred bank fees, lost sleep and was without access to funds to pay her bills.

13.     Plaintiff Jackson denies being served with the initial Petition and denies that the action was timely.  *See* Exhibit 1

14.     Plaintiff Jackson immediately disputed the debt, contacted the credit bureaus, filed a complaint with the Attorney Generals Office and filed motions with the state court seeking to set aside the default judgment and garnishment.

15.     LVNV did not provide the date it allegedly purchased Jackson's alleged debt

from Rhodes Furniture or any documentation supporting any such action.  *See* the State Court Petition and Affidavit attached hereto as **Exhibit 3**.

16.     Upon information and belief, neither the data nor any document provided to LVNV regarding Jackson's alleged debt included any signed credit card agreement, account statements or information pertaining to any interest rate that was part of the alleged agreement between Jackson and Rhodes.

17.     Upon information and belief, defendants McNeile and Cohen did not investigate the claims or confirm they had a reasonable basis to bring a lawsuit against Jackson.  Instead, they commenced collection activities on behalf of LVNV attempting to collect the face value of the debt plus 9% interest from the date of purchase.  However, defendants McNeile and Cohen knew or should have know that the affidavit was improper, contained false statements and was not a proper basis to assert a claim in Court.

18.     Upon information and belief, defendants knew that the Petition and Affidavit contained the following false and/or misleading information and documents that were material to the existence of a contract and damages and they did not disclose these problems to the court:

a)  Sue Argenture (sp) did not have personal of the facts in the affidavit and did not have access to information establishing "the record was made at or near the time of the act, or event";

b)  The interest rate was 9% from November 30, 2001;

c)  That the agreement entitled plaintiff to attorney's fees when the document attached was not signed by Jackson and was from a date occurring years after the allege account was established;

d) Venue was proper and that the court had personal and subject matter jurisdiction; and

e) That the records were not the business records of LVNV.

19.     Defendant McNeile and defendant Cohen understood the affidavit of a third party debt purchaser was not (1) a business record of the originating creditor; (2) constituted hearsay because they lacked "personal knowledge of the creation, maintenance, issuance and tracking of statements" and (3) a "purchasing plaintiff cannot swear to the authenticity of the originating source documents."  However, McNeile still filed these documents with the Court to support the Petition, the alleged damages and the right to attorney's fees.  McNeile's article stated:

> In one of his recent cases, Ken reports that he applied for a default judgment using the affidavit of an officer of the purchasing plaintiff.  **The affidavit, although able to reference the date of the purchase of the debt and the balance purchased, was deficient in that it did not include any actual business records of the originating creditor.  The court found that the affidavit of the debt purchaser was insufficient and conclusory.**  The court suggested the debt purchaser furnish a copy of the assignment or contract assigning the claims, along with a copy of any statement or record clearly demonstrating the calculation and the amount of the claim.  If monthly statements were furnished to the defendant, copies of the most recently sent statements should be annexed.  Reliable and factual information concerning the claim is required.
>
> **Even if we as attorneys include such items, they are business records of the originating creditor, not the purchasing plaintiff.  At least in New York these business records would have no probative value, because no one at the purchasing plaintiff has "personal knowledge" of the creation, maintenance, issuance, and tracking of the statements.  In the eyes of the court, such affidavits are hearsay and therefore not admissible.**
>
> **A purchasing plaintiff is unable to swear to the authenticity of the originating or source documents of a credit transaction because they do not have personal knowledge of the events which transpired at that period of time in the life of the credit agreement.  The original cardholder agreement, any correspondence, and monthly statements issued by the original credit grantor are not admissible as the purchasing plaintiffs business records, as the purchasing plaintiff has no personal knowledge of how those records were created or maintained**.

*See Challenges for Collecting Purchased Debt* attached hereto as **Exhibit 4**.

20.     Upon information and belief, LVNV's Affidavit is a form affidavit which is generated automatically by the LVNV upon request and was routinely provided to LVNV employees who sign hundreds of these each year, however, with no personal knowledge of any of the facts asserted, in complete contradiction to the sworn affidavits filed by defendants.

21.     The documents attached to the alleged Affidavit do not identify Jackson as a party to any contractual agreement and contains no signatures or any information pertinent to the parties to the agreement.  Upon information and belief, Defendants intentionally provided false documentation to replace the Cardholder Agreement allegedly signed by Jackson.

22.     Upon information and belief, defendant McNeile and defendant Cohen knew or should have known that affidavit contained false and misleading information.  Further, defendant McNeile and defendant Cohen knew venue was improper in Eastern Jackson County. However, upon information and belief, they profited from putting these cases in the improper venue (contrary to the statement in the sworn affidavit) because it made it more difficult for single mothers, minorities and the poor to attend hearings (1) further away from home and (2) in the middle of the work day.

23.     Upon information and belief, no account records or documents containing Jackson's signature are attached to the Petition because LVNV did not have any prior to filing the Petition.  *See* **Exhibit 3**.

24.     LVNV sought a judgment against Jackson for the sum of $3,605.51, the amount alleged by LVNV to be the final balance due on the account.  However, the documents attached to the Petition confirmed that the last payment on the account was made on 12/04/00. This information was readily available to defendants and they (1) recklessly disregarded this

fact when filing the Petition; (2) failed to disclose this and the other false information and documents to the court and (3) purposely filed the action in the wrong venue. *See* **Exhibit 3**.

25.     The Complaint also sought interest at the rate of 9% per annum from November 30, 2001.   However, upon information and belief, the defendants submitted fraudulent documentation to the court to support the entitlement to this interest rate.

26.     Defendants filed suit in an attempt to collect a debt using a deceptive, misleading and false affidavit and document as the only evidentiary basis to support their claims.   The trial court relied upon this documentation to support the damages and defendants' acts caused Jackson's damages.

27.     Upon information and belief, defendants filed suit against Jackson (and hundreds of others) knowing that they did not and cannot establish that Jackson (or the other individuals) owed any alleged debt.  In fact, LVNV has never responded to Jackson's request for validation of the debt.  Additionally, LVNV represented to the Missouri Attorney General Office that "it had closed its file."   *See* **Exhibit 5**.  However, LVNV and the other defendants filed a Motion seeking to set aside the state court's judgment disposing of the default judgment. Plaintiff Jackson has an Amended Motion to Set Aside Default Judgment and Change of Venue currently pending before the state court.

28.     Defendants have engaged in a pattern and practice of filing lawsuits knowingly using affidavits signed by persons who lack personal knowledge of the matters attested to.   These actions damaged Plaintiff Jackson and they should be held accountable for their misrepresentations to the Court, false allegations regarding the documents attached to the Petitions and Affidavits alleging personal knowledge when they know they are not the company that created the documents so they are not their business records as alleged in the Affidavits.

29.     Contrary to the sworn affidavit, defendants filed a lawsuit when they knew or should have known that their actions violated the FDCPA because suit was barred by the statute of limitations, contain material misrepresentations and false documents.

30.     Contrary to the sworn affidavit, defendants filed the matter in an improper jurisdiction because the statute of limitations had expired and they were making it more difficult for an African American single mother to attend the hearing.

31.     Section 1692e of the Fair Debt Collection Practices Act ("FDCPA") prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Likewise, section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."   The actions described above violate these provisions.

## COUNT ONE
(Violation of the FDCPA —15 U.S.C. § 1692 *et seq.*)

32.     Jackson realleges and incorporates every allegation contained in each of the preceding paragraphs as if fully set forth herein.

33.     Jackson is a "consumer" as defined by 15 U.S.C. § 1692a(2) and is alleged to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C. § I 692a(5).

34.     LVNV is regularly engaged in the third-party collection of consumer debt and is a "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

35.     The acts and omissions of LVNV described above violated the FDCPA, including, but not limited to:

a.     Using false, deceptive, and misleading representations and means in connection with Jackson's alleged debt by falsely representing the character, amount, or

legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2);

b.    Using false, deceptive, and misleading representations and means in connection with the collection of Jackson's alleged debt by threatening or taking actions that cannot legally be taken or that are not intended to be taken in violation of 15 U.S.C. § 1692e(5);

c.    Using false, deceptive, and misleading representations and means in connection with the collection of Jackson's alleged debt by using false representations and deceptive means to collect or attempt to collect Jackson's alleged debt in violation of 15 U.S.C. § 1692e(10);

d.    Employing other false, deceptive, or misleading representations in connection with the collection of alleged debts in violation of 15 U.S.C. § 1692e; and

e.    Filing a lawsuit to collect a debt when the statute of limitations had expired.

36.    As a direct and proximate result of LVNV's violations of the FDCPA, Jackson has suffered actual damages in the form of loss income, overdraft fees, copy fees and other monetary losses. Additionally, defendant's actions cause her anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative harmful emotions, as well as the cost of defending unwarranted and illegal collection lawsuits.

37.    As a result of LVNV's violations of the FDCPA, Jackson is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from LVNV.

38.    Jackson further seeks an Order prohibiting LVNV and its counsel from using these false affidavits in Courts in Missouri.

WHEREFORE Jackson prays for damages in an amount to be established at trial for reasonable attorney fees, for pre and post judgment interest, for statutory damages and for such other and further relief that may be equitable, including pre and post injunctive relief.

## COUNT TWO
(Misrepresentation)

39.     Jackson realleges and incorporates every allegation contained in each of the preceding paragraphs as if fully set forth herein.

40.     LVNV executed and utilized affidavits containing false and misleading information in debt collection lawsuits against Jackson and numerous others.

41.     The affidavits signed by LVNV employees affirmed that the employee had personal knowledge concerning the alleged debtors, their financial information and the alleged debts, when LVNV, McNeile and Cohen all knew that the employees did not possess this personal knowledge.

42.     Additionally, as detailed fully above, LVNV, McNeile and Cohen knowing relied upon affidavits and evidence that they knew was improper, false and meant to mislead the court. *See* Exhibit 4.  As a result, the trial court detrimentally relied upon these false statements to enter a judgment against Jackson and Jackson was injured by these misrepresentations.

43.      Specifically, as a direct and proximate result of defendants' false and misleading actions, Jackson has suffered actual damages in the form of loss income, overdraft fees, copy fees and other monetary losses.  Additionally, defendants' actions cause her anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative harmful emotions, as well as the cost of setting aside the default judgment and defending unwarranted and illegal collection actions.

44.     Additionally, defendants knew or should have know that any claims against

Jackson were barred by the statute of limitations and the intentionally or recklessly disregarded that fact when filing their lawsuit. Defendants also knew or should have known that the case was being filed in wrong venue, with improper and false documentation thus making the statements in the Affidavit false and misleading to the court.

45.     Upon information and belief, defendant McNeile and defendant Cohen profited from: (1) failing to investigate their claims; (2) failing to confirm the accuracy of the information in the affidavit; (3) knowingly using hearsay and improper affidavits and documents to establish liability and damages; (4) filing claims in the improper venue to hinder single mothers and minorities from attending the hearings that are miles away from their homes in clear contraindication of the Missouri Statutes; and (5) not be candid with the tribunal. As such, they were complicit and/or co-conspirators in LVNV's actions.

46.     Upon information and belief, defendants McNeile and Cohen had a pecuniary interest in their representation of LVNV and all of whom were acting on behalf of themselves and LVNV when the false and misleading affidavits and documents were used.

47.     The representations of personal knowledge set forth in the affidavits were false and defendants knew they were false at the time they were made, or acted with such utter disregard and recklessness as to the truth of those statements that knowledge may be inferred.

48.     As a result of defendants negligent and/or intentional misrepresentations, Jackson incurred substantial damages, including, but not limited to, garnishment of accounts, overdraft fees and penalties, emotional distress, mental anguish, missed time from work and pain/ suffering for a debt that has expired and she does not owe.

WHEREFORE Jackson prays for damages in an amount to be established at trial for reasonable attorney fees, for pre and post judgment interest, for compensatory damages and for

such other and further relief that may be equitable, including pre and post injunctive relief.

## COUNT THREE
(Fraud)

49.      Jackson realleges and incorporates every allegation contained in each of the preceding paragraphs as if fully set forth herein.

50.      LVNV executed and utilized affidavits containing false and misleading information in debt collection lawsuits against Jackson and numerous others.

51.      The affidavits signed by LVNV employees affirmed that the employee had personal knowledge concerning the alleged debtors, their financial information and the alleged debts, when LVNV, McNeile and Cohen all knew that the employees did not possess this personal knowledge. *See* Exhibit 4.

52.      Attorneys owe a duty of candor and have an obligation not to pursue meritless claims.  Attorneys also owe a duty to the court to investigate claims before they are filed with the court.  As such, the court acts reasonably when it relies upon affidavits and evidence presented to it by attorneys.

53.      As detailed fully above, LVNV, McNeile and Cohen knowing provided false and misleading information to the court with the intent of profiting from these actions.  The Court reasonably relied upon the information contained in the affidavits and evidence that defendants knew was improper, false and misleading.  As a result, the trial court detrimentally relied upon the false statements and evidence to enter a judgment against Jackson and Jackson was injured by these actions.

54.       Specifically, as a direct and proximate result of defendants' false and misleading actions, Jackson has suffered actual damages in the form of loss income, overdraft

fees, copy fees and other monetary losses. Additionally, defendants' actions cause her anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative harmful emotions, as well as the cost of setting aside the default judgment and defending unwarranted and illegal collection actions.

55.     Additionally, defendants knew or should have know that any claims against Jackson were barred by the statute of limitations and the intentionally or recklessly disregarded that fact when filing their lawsuit. The defendants showed the last payment was in December, 2000 and the lawsuit was filed in mid 2006, well after the four (4) year or five (5) years limitation period expired. Defendants also knew or should have known that the case was being filed in wrong venue, with improper and false documentation thus making the statements in the Affidavit false and misleading to the court.

56.     Upon information and belief, defendant McNeile and defendant Cohen profited from: (1) failing to investigate their claims; (2) failing to confirm the accuracy of the information in the affidavit; (3) knowingly using hearsay and improper affidavits and documents to establish liability and damages; (4) filing claims in the improper venue to hinder single mothers and minorities from attending the hearings that are miles away from their homes in clear contraindication of the Missouri Statutes; and (5) not be candid with the tribunal. As such, they were complicit and/or co-conspirators in LVNV's actions.

57.     Upon information and belief, defendants McNeile and Cohen had a pecuniary interest in their representation of LVNV and all of whom were acting on behalf of themselves and LVNV when the false and misleading affidavits and documents were used.

58.     As a result of defendants' intentional conduct, Jackson was humiliated, embarrassed and caused her great emotional distress defendants are liable to Jackson for the

emotional distress damages its actions caused.

59.     Defendants' intentional conduct was willful, wanton and malicious thus justifying the imposition of exemplary and punitive damages.

WHEREFORE Jackson prays for damages in an amount to be established at trial for reasonable attorney fees, for pre and post judgment interest, actual, compensatory and punitive/exemplary damages and for such other and further relief that may be equitable, including pre and post injunctive relief.

## COUNT FOUR
(Civil Conspiracy)

60.     Jackson realleges and incorporates every allegation contained in each of the preceding paragraphs as if fully set forth herein.

61.     Upon information and belief, LVNV, Cohen and McNeile agreed to use documents and affidavits that they knew were false and/or misleading to secure money judgments against women, minorities and people who could not afford adequate legal counsel among others.

62.     Upon information and belief, this scheme has been used in numerous cases to mislead the courts and gain monetary judgments for the benefit of LVNV, Cohen and McNeile.

63.     Upon information and belief, defendants knowingly used affidavits signed by LVNV employees that lacked personal knowledge concerning the alleged debtors, their financial information and the alleged debts.

64.     Upon information and belief, defendants knew or should have know that any claims against Jackson were barred by the statute of limitations and the intentionally or recklessly disregarded that fact when filing their lawsuit.  Defendants also intentionally or

recklessly filed the lawsuit in the wrong venue in furtherance of the conspiracy against plaintiff and others.

65.     As a direct and proximate result of defendants' conspiracy and their improper actions, Jackson has suffered actual damages in the form of loss income, overdraft fees, copy fees and other monetary losses.   Defendants' actions cause her anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative harmful emotions, as well as the cost of setting aside the default judgment and defending unwarranted and illegal collection actions.

66.     Upon information and belief, defendant McNeile and defendant Cohen profited from their conspiracy with LVNV and furthered the conspiracy by: (1) failing to investigate their claims; (2) failing to confirm the accuracy of the information in the affidavit; (3) knowingly using hearsay and improper affidavits and documents to establish liability and damages; (4) filing claims in the improper venue to  hinder single mothers and minorities from attending the hearings that are miles away from their homes in clear contraindication of the Missouri Statutes; and (5) not be candid with the tribunal.  As such, they were complicit and/or co-conspirators in LVNV's actions.

67.     Upon information and belief, defendants McNeile and Cohen had a pecuniary interest in their representation of LVNV and all of whom were acting on behalf of themselves and LVNV when the false and misleading affidavits and documents were used to profit from the conspiracy.

68.     The representations of personal knowledge set forth in the affidavits were false and defendants knew they were false at the time they were made, or acted with such utter disregard and recklessness as to the truth of those statements that knowledge may be inferred.

69.     As a result of defendants' intentional conduct, Jackson was humiliated, embarrassed and caused her great emotional distress defendants are liable to Jackson for the emotional distress damages its actions caused by their actions.

70.     Defendants' intentional conduct was willful, wanton and malicious thus justifying the imposition of exemplary and punitive damages.

WHEREFORE Jackson prays for damages in an amount to be established at trial for reasonable attorney fees, for pre and post judgment interest, for actual, punitive and compensatory damages and for such other and further relief that may be equitable, including pre and post injunctive relief.

## COUNT FIVE
(Violation of Missouri Merchandising Practices Act)

71.     Jackson realleges and incorporates every allegation contained in each of the preceding paragraphs as if fully set forth herein.

72.     Defendant LVNV engaged and do engage in "trade or commerce," in connection with the "sale" of "merchandise," as those terms are defined in § 407.010.

73.     Section 407.020 prohibits:

The act, use or employment by any person or any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce ... whether committed before, during or after the sale, advertisement or solicitation.

that "[a]ny action under this section may be brought in the county in which the defendant resides,

his principal place of business."

74.     LVNV transacts business throughout the state of Missouri, including in the City of Kansas City, Missouri.

75.     Upon information and belief, LVNV has repeatedly used deception and unfair

practices to collect debts. The unfair and deceptive acts and practices described above and others were used by LVNV, including but not limited to the following:

a) Purchasing debts discharged in bankruptcy, with the intention of attempting collections;

b) Attempting to collect debts that are well beyond the relevant statute of limitations;

c) Threatening actions that cannot be taken, such as lawsuit being filed after limitations period;

d) Refusing to provide proof of the debt when requested to do so by consumers, and continuing collection efforts;

e) Submitting false credit reports, and refusals to remove the reports after notice;

f) Assessing interest and attorney/ other fees that are not owed;

g) Filing lawsuits against consumers without documentation to support the case; and

h) Filing false or misleading affidavits in Missouri courts.

76.     Section 407.020 of the Merchandising Practices Act provides in pertinent part:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice...Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement, or solicitation.

77.     Section 407.010(4) defines Merchandise as "any objects, wares, goods, commodities, intangibles, real estate, or services." LVNV has advertised, marketed, and sold merchandise within the meaning of Section 407.010.

78.      Pursuant to authority granted in Section 407.145, the Attorney General promulgated rules explaining and defining terms utilized in Sections 407.010 to 407.145 of the

Merchandising Practices Act. Said Rules are contained in the Missouri Code of State Regulations (CSR). The rules relevant to the Merchandising Practices Act allegations herein include, but are not limited to, the provisions of 15 CSR 60-3.010 to 15 CSR 60-14.040. These rules are adopted and incorporated by reference.

79.     LVNV violated § 407.020 by:

    a)   Using deception and unfair practices to collect debts that are not owed or are past the relevant statute of limitations;

    b)   Is representing the actions of the alleged debtors and providing inaccurate information to the courts;

    c)   Engaging in deception, as defined by 15 CSR 60-9.020 and prohibited by § 407.020, filing cases in Missouri without documentation supporting a good faith basis for the suit and only dismissing when the consumer contests the action;

    d)   Engaging in unfair practice through their unethical, oppressive, and unscrupulous conduct in forcing consumers to choose between a) paying a debt they do not owe and b) having false collection information on their credit reports.

    f)   This conduct risks and causes substantial injury to consumers and thus constitutes unfair practice as defined by 15 CSR 60-8.020 and prohibited by § 407.020; and

    g)   Assessing fees and interest above the usury limit without written consent.

80.     Defendants have thus engaged in unconscionable conduct, an unfair practice as defined by 15 CSR 60-8.080 and prohibited by § 407.020

WHEREFORE Jackson prays for damages in an amount to be established at trial for reasonable attorney fees, for pre and post judgment interest, for statutory damages and for such other and further relief that may be equitable, including pre and post injunctive relief.

## PRAYER FOR RELIEF

Jackson prays that this Court grant the following relief in favor of herself and defendants on all counts and award the following:

81.     Declare that LVNV's collection actions violate the FDCPA;

82.     Declare that defendants acted negligently and/or intentionally through employees, agents and attorneys to deprive Jackson of her property;

83.     Declare that LVNV, McNeile and Cohen conspired to deprive plaintiff and others their property through improper and illegal means;

84.     Declare that LVNV, McNeile and Cohen acted in a manner that misrepresented material facts to the tribunal and are liable for the damages caused to Jackson by same;

85.     Declare that LVNV, McNeile and Cohen is committed fraud and is liable to Jackson for the damages caused by same;

86.     Enter judgment in favor of Jackson on each count of her Second Amended Complaint and award actual and statutory damages, punitive damages, compensatory damages, emotional distress damages, costs, and reasonable attorneys' fees, pre and post judgment interest;

87.     An Order of this Court finding that Defendants have violated the provisions of § 407.020.

88.      A permanent injunction issued pursuant to § 407.100 prohibiting and enjoining Defendant LVNV and its agents, servants, employees, representatives, and other individuals acting at its direction or on their behalf from violating § 407.020 or filing suits in Missouri courts without a meaningful review of the supporting documents.

89.     An Order of this Court issued pursuant to § 407.100.6 awarding plaintiff a

civil penalty, jointly and severally, from Defendant LVNV of One Thousand Dollars ($1,000.00) for each violation of § 407.020.

90.     An Order of this Court issued pursuant to § 407.100.4 requiring Defendant LVNV to make restitution to all consumers who the Court finds to have suffered an ascertainable loss from the deceptive practices outlined herein.

91.     An Order of this Court, issued pursuant to § 407.100.3, enjoining and restraining Defendant LVNV or entities under Defendant's control - whether that control is direct or indirect, complete or partial, from execution of any judgment obtained as a result of the unlawful acts alleged herein.

92.     Such other or additional relief as the Court deems just, proper, and necessary in this action.


## JURY DEMAND

Jackson hereby respectfully demands trial by jury of the above case.

Respectfully submitted,

WILLIAMS LAW, LLC

/s/ Michael A. Williams
Michael A. Williams      MO Bar No. 47538
1100 Main Street, Suite 2600
Kansas City, MO 64105
mwilliams@williamslawllc.com
(o) 816-876-2600
(f) 816-221-8763

### <u>CERTIFICATE OF SERVICE</u>

I certify that on this **3rd** day of **June 2010**, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing via operation of the Court's electronic filing system upon all counsel of record.

/s/ Michael Williams
Michael Williams
ATTORNEY FOR PLAINTIFF