IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BRIDGET M. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-01081-CV-W-DW |
| | ) | |
| LVNV FUNDING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## SECOND AMENDED COMPLAINT

COME NOW Defendants LVNV Funding, LLC, James M. McNeile, individually, and Cohen McNeile & Pappas, P.C., by and through counsel Cohen McNeile & Pappas, P.C., and hereby answer plaintiff's Second Amended Complaint as Follows:

1. Defendants hereby generally deny each and every allegation in plaintiff's Second Amended Complaint, except those otherwise specifically admitted herein.

2. Defendants specifically admit only the allegation contained in paragraph 1 of her second amended complaint that she is a natural person.

3. Defendants specifically admit only that R.S.Mo. § 478.461 defines "eastern" and "western" portions of the 16th Judicial District of Missouri.

4. Defendants specifically admit only the allegation contained in paragraph 3 of her second amended complaint that defendant LVNV has, at least at some time, attempted to collect consumer debts.

1

5. Defendants specifically admit only the allegations contained in paragraph 4 of her second amended complaint that Defendant McNeile is an attorney licensed to practice in the State of Kansas.

6. Defendants specifically admit only the allegation contained in paragraph 5 of her second amended complaint that Cohen McNeile & Pappas, P.C. is a law firm with locations in Kansas and Missouri.

7. Defendants specifically admit only the allegation contained in paragraph 6 of her second amended complaint that LVNV, through its attorneys, filed a petition to collect a debt they alleged Jackson owed.

8. Defendants specifically admit only the allegations contained in paragraph 14 of her second amended complaint that she filed a complaint with the Missouri Attorney General's Office, and that she filed certain motions in Missouri State court seeking various forms of relief from a default judgment and garnishment.

9. Defendants specifically admit only the allegation contained in paragraph 17 of her second amended complaint that defendants filed an action against her to collect a debt.

10. Defendants specifically admit only the allegation contained in paragraph 24 of her second amended complaint that LVNV sought a judgment against Jackson for the sum of $3,605.51.

11. Defendants specifically admit only the allegation contained in paragraph 25 of her second amended complaint that their prayer for judgment in the petition they filed against her requested interest at the rate of 9%—the statutory rate of interest allowed on judgments at the time suit was filed against Jackson.

<u>AFFIRMATIVE DEFENSES AND AVOIDANCES</u>

COME NOW Defendants LVNV Funding, LLC, James M. McNeile, individually, and Cohen McNeile & Pappas, P.C., by and through counsel Cohen McNeile & Pappas, P.C., and hereby state that, should plaintiff obtain any favorable judgment against defendants in this action, they otherwise may avoid liability thereon for the following legal and factual reasons:

1. Jackson's entire action is precluded by the Rooker-Feldman doctrine, and therefore should be dismissed summarily.

2. Jackson's FDCPA claims are barred by the one year statute of limitations, 15 U.S.C. § 1692k(d), this action having been filed more than one year after the last alleged FDCPA violation.

3. Jackson's entire claims are barred by statutes of limitations.

4. In the 16th Circuit Court of Jackson County, Missouri, LVNV Funding sought judgment against the present-plaintiff Bridget Jackson in Case No. 0616-CV10189.

5. The court in Jackson County Case No. 0616-CV10189 had the power to determine its jurisdiction over the subject matter and parties in the case, of which both LVNV Funding and Bridget Jackson were parties.

6. The court in Jackson County Case No. 0616-CV10189 did, in fact, determine that it had personal and subject matter jurisdiction over the parties and claims asserted by LVNV against Jackson.

7. In determining that it had personal jurisdiction to enter judgment against Bridget Jackson in Jackson County Case No. 0616-CV10189, the court necessarily determined that a complaint and summons were sufficiently and properly filed and issued, that a presumptively-valid proof of service was filed with the court, and that the facts stated on the filed return of service properly and sufficiently divested the court with the power and authority to enter the specific judgment that it did, in fact enter against Bridget Jackson.

8. LVNV Funding has a valid, existent, judgment issued by a Missouri State Court against present plaintiff Bridget Jackson.

9. Jackson's claims are barred by the doctrine of res judicata, in that Defendant LVNV Funding obtained a judgment against Jackson in the 16th Circuit Court of Missouri, Case No. 0616-CV10189, whereupon the Circuit Court necessarily found that service was valid and proper upon Bridget Jackson in that matter, that she failed to appear in open court to answer LVNV Funding's claim against her, that LVNV

Funding's claim was not time-barred or precluded for any other reason, and that, consequently, LVNV Funding was entitled to a default judgment upon those facts so necessarily found.

10. Defendant LVNV Funding obtained and owns an alive judgment against Jackson in the 16th Circuit Court of Missouri, Case No. 0616-CV10189 in the total amount of $5,552.97, plus costs, with interest accruing on those amounts per the terms of the judgment and per Missouri's statutory rate of interest at the rate of 9% per annum from May 31, 2006 until said judgment is satisfied in full, and therefore defendant LVNV Funding is entitled to have any monetary judgment Jackson may obtain against it set-off in the amount of $5,552.97 plus accrued interest at the rate of 9% per annum from May 31, 2006 through the date of any judgment obtained by Jackson would become due and owing.

11. Jackson's claims that defendants violated any provision of the Fair Debt Collection Practices Act is barred by its one-year statute of limitations;

12. Jackson's claims are barred by the doctrine of laches, in that several years had passed since she first knew or should have known about the pending liability and state court action against her, in that she specifically spoke to an agent or employee of defendants McNeile and Cohen McNeile & Pappas, P.C., several years before filing this present action and before judgment was entered against her, yet she failed to take any action to assert her rights upon learning of the possible legal claims against her.

13. Should this Court dismiss Jackson's FDCPA claims, the remainder of her claims are claims based solely upon state common law, and therefore this Court has no subject matter jurisdiction over this matter without having jurisdiction pursuant to the provisions of the FDCPA.

14. Jackson fails to state a claim upon which relief can be granted.

15. Upon information and belief, Jackson has failed to add necessary and indispensible parties.

16. Jackson's claims are frivolous and made in bad faith, being unsupported at law and without the good faith argument for the extension of the same, and therefore should be dismissed, summarily.

17. Defendants reserve the right to amend this answer to add any additional avoidances or counterclaims as may later be learned through discovery or otherwise.

WHEREFORE, defendants pray this Court dismiss Plaintiff's Second Amended Complaint against them, that Plaintiff Jackson be denied any and all relief requested in her Second Amended Complaint, for all costs to be taxed to plaintiff, and for any other relief this Court deems necessary and proper under the circumstances.

Respectfully submitted,

COHEN MCNEILE & PAPPAS, P.C.

*/s/ Rick Milone*
_____
Rick Milone 57694
James M. McNeile 31757
4550 Belleview, 2d Floor
Kansas City, MO 64111
Phone: (913) 491-4050
FAX:   (913) 491-3059
rmilone@cmplaw.net
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that Defendants' Answer and Affirmative Defenses was served on Michal A. Williams, plaintiff's attorney and registered Filing User in the above-captioned matter, pursuant Local Rule 5.1 by electronic means through the Court's CM/ECF transmission facilities.

*/s/ Rick Milone*
_____
Rick Milone
ATTORNEY FOR DEFENDANTS